# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

AMANDA VALENTINE,

    Plaintiff,

v.                                  Case No. 2:24-cv-02269-MSN-atc

PHH MORTGAGE CORPORATION,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant PHH Mortgage Corporation's Motion for Summary Judgment (ECF No. 36, "Motion"), its accompanying Memorandum of Law (ECF No. 37), Statement of Undisputed Material Facts (ECF No. 38), and Rely (ECF No. 42). Plaintiff Amanda Valentine filed a Response in Opposition (ECF No. 41). For the reasons set forth below, the Motion is **GRANTED**.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment—and the Court to grant summary judgment—"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions,

---

[1] The Court notes that Defendant's Motion for Judgment on the Pleadings (ECF No. 20) and Plaintiff's Motion to Compel Alternative Dispute Resolution (ECF No. 35) are hereby **DENIED AS MOOT** in light of the Court's grant of summary judgment in favor of Defendant PHH Mortgage Corporation.

documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).  The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325 (cleaned up). Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56).  The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010).  A mere scintilla of evidence is not enough; there must be

evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id.* at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment, the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252–53.

If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.* at 327.

## **DISCUSSION**

Local Rule 56.1(b) requires a non-movant to respond to each fact set forth by the movant, agreeing or disagreeing, and if disputing, providing a specific citation to the record. Pursuant to Local Rule 56.1(d), "[f]ailure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." Courts in this

district have consistently held that a party's failure to properly respond results in the facts being deemed admitted. *Akines v. Shelby Cnty. Gov't*, 512 F. Supp. 2d 1138, 1147–48 (W.D. Tenn. 2007) (same); *Panzica v. Corr. Corp. of Am.*, No. 12-1026, 2013 WL 3354517, at *2 (W.D. Tenn. July 3, 2013) (same); *Scates v. Obion Cty.*, No. 1:11-cv-1247, 2013 U.S. Dist. LEXIS 94440, at *2 (W.D. Tenn. July 8, 2013) (same); *Owens v. Amedisys Holdings, LLC*, No. 2:14-cv-2940-SHL-dkv, 2016 WL 11477625, at *1 (W.D. Tenn. Apr. 20, 2016) (same).

In this case, Plaintiff did not respond to PHH's Statement of Undisclosed Material Facts (ECF No. 38). Accordingly, the facts set forth therein are deemed admitted for the purposes of this Motion.

The undisputed facts establish that PHH extended a loan modification on or about January 10, 2023, which was contingent upon PHH's receipt of "clear tile." (ECF No. 38 at PageID 247.) At the time Plaintiff executed the offer on January 23, 2023, a lien recorded by Glen Lakes Homeowners Association, Inc. remained on the property. (*Id.*) PHH notified Plaintiff on February 9, 2023, that she must resolve the issue by March 15, 2023. (*Id.*) Plaintiff did not respond to that letter and did not take actions to resolve the title issue that prevented her from accepting the Modification Offer. (*Id.* at PageID 248.) As a result, Plaintiff was "no longer eligible for the loan modification," in part because "[t]here [was] an issue with [Plaintiff's] mortgage title that precents acceptance into this program." (*Id.*)

In her Response, Plaintiff argues that the lien was released on February 28, 2023, within the modification eligibility period. (ECF No. 41 at PageID 252–53.) However, this does not create a genuine dispute of material fact because Plaintiff has admitted, by failing to respond to the Statement of Undisputed Material Facts, that she did not notify PHH of this release or otherwise satisfy the condition precedent of clear title as required under the terms of the Modification Offer.

Because Plaintiff did not perform the requisite act necessary to accept the contingent offer, there is no enforceable contract under Tennessee law. *See AngleFix Tech, LLC v. Wright Med. Tech.*, No. 13-cv-2407, 2016 WL 6770671, at *2 (W.D. Tenn. Nov. 15, 2016) (noting that when contingencies are attached to an offer, "the contract is not enforceable until certain facts exist").

Accordingly, there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant PHH Mortgage Corporation's Motion for Summary Judgment is hereby **GRANTED**. Plaintiff Amanda Valentine's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of April 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE